No. 10.—GEORGE W. HARRISON, plaintiff in error, *vs.* JOSEPH
ADCOCK and others, defendants.

[1.] The Statute of 32 *Henry VIII.* is of force in this State, and a deed made
by an infant, while under age, will not be avoided by the execution of a
deed after he arrives at twenty-one years of age, when the possession of
the land is held *adversely* to him, but the latter deed will be void under the
Statute.

[2.] If a party is to be constituted a trustee, by the decree of a Court of
Equity, on the ground of *fraud,* his possession is *adverse* from the time the
circumstances of the fraud were discovered.

In Equity, in Randolph Superior Court. Decided by Judge
WARREN, October Term, 1849.

The questions in this cause arose upon a motion to dismiss a
bill, filed by George W. Harrison against Joseph Adcock, James
Suggs and Floyd Conyers.

The bill charged, that Mary Ann Odem, an illegitimate, drew a
lot of land in Randolph County; that on 17th February, 1839,
Mary Ann Odem intermarried with Delaware Dean, who thereby
became the owner of this lot of land; that on the 21st February,
1839, Joseph Adcock, who had intermarried with the mother of
Mary Ann Odem, by various fraudulent representations, menaces
and threats, induced Dean, who was of very weak mind, and an
infant in law, to make to Adcock a deed to one-fourth of the land;
Adcock, among other things, agreeing, that " If Dean would convey the land to him, Adcock, he would hold the title for the same
in trust, and secure it for the use of the said Dean, his wife and
their heirs;" and by the same means, Adcock, on 23d day of
February, obtained a deed to the remaining three-fourths of the

Harrison *vs.* Adcock and others.

land; that Adcock sold the land to Suggs, and Suggs to Conyers—each having knowledge of the fraud. Adcock took possession shortly after the purchase, and had remained in possession, or those claiming under him, ever since the year 1839.

The bill farther charged, that on 1st March, 1839, Dean, for a full and valuable consideration, contracted to sell this lot of land to Harrison, the complainant, and gave his bond for titles thereto, when the purchase money was paid; that in February, 1846, the purchase money having been paid, Dean, after arriving at twenty-one years of age, made a deed to Harrison, to the lot in dispute. The prayer was for the cancellation of the deeds to Adcock, Suggs and Conyers, and that the defendants be decreed to deliver the possession of the land to complainant, and that Conyers do execute a title to the land, and an account of the rents, issues and profits.

The Court below dismissed the bill for want of Equity, and complainant appealed to this Court. The only points here argued and decided were—

1st. Whether the Statute, 32 *Henry VIII.* against maintenance and the sale of pretended titles, was in force in Georgia.

2d. Whether the facts stated in the bill, constitute a case of adverse possession in Adcock and those claiming under him, against Dean, at the time the deed to Harrison was made by Dean, in February, 1846.

H. L. BENNING, for plaintiff in error.

W. TAYLOR, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The complainant alleges in his bill, that the title to the lot of land in controversy, was fraudulently procured by Adcock, from Dean, while the latter was an infant, and that Suggs and Conyers, who derived their title from Adcock, had notice of these facts.

It is farther alleged, that the defendants had been in possession of the land, so conveyed by Dean, ever since 1839, and that in February, 1846, the complainant obtained a deed from the infant,

Dean, to the land, who was, at the time of making the latter deed, twenty-one years of age. ·

The prayer of the bill is, that the defendants may be decreed to deliver the possession of the land to the complainant, account for the rents and profits, and that Conyers do execute to the complainant a title to the land.

The Court below sustained a general demurrer to the complainant's bill, for want of Equity, on the ground, that the title of the complainant, derived from Dean, in 1846, was void, inasmuch as it appeared on the face of the complainant's bill, that at the time it was executed, the possession of the land was held *adversely* by the defendants, or some of them.

[1.] For the purpose of reversing the judgment of the Court below, it is now contended, that the Statute of 32 *Henry VIII.* is not of force in this State, and if that Statute be of force here, the possession of the defendants was not *adverse* to Dean's claim of title, and possession under it.

In *Harris vs. Cameron,* (6 *Ga. Rep.* 382,) this Court held, that the Statute of 32 *Henry VIII.* was of force in this State, and that a deed executed by an infant, after coming of age, was void under that Statute, there being *adverse* possession of the land at the time the deed was executed.

Here the complainant derives his title from Dean, after he arrived at twenty-one years of age, while the possession of the land was held by the defendants.

Was the possession of the defendants *adverse* to that of Dean, at the time the deed was made to the complainant? We think it was, and that the Statute of Limitations would run in their favor to protect such *adverse* possession.

The defendants had possession of the land under color of paper title—the deed of the infant was not *void,* but *voidable* only.

[2.] But it is said, that Adcock, by his *fraudulent* representations to Dean, in order to procure the title from him, must be considered, in a Court of Equity, as a *trustee* for Dean, and that the other defendants, having *notice* of the fraud of Adcock, occupy the same relation to him; and, for that reason, the possession of the defendants was not *adverse* to Dean, at the time the deed was made to the complainant. If a party is to be constituted a *trustee,* by a decree of a Court of Equity, founded on *fraud,* his possession is *adverse* from the time the circumstances of the fraud

were discovered, and the Statute of Limitations will, therefore, run from that time. *Angell on Limitations*, 509. The defendants here, are sought to be made *trustees* by the decree of the Court, on the ground of *fraud*. There is no allegation that the fraud has recently been discovered, but so far as the allegations in the record go, it would appear that Dean was as cognizant of all the facts when the first deed was made to Adcock, as he was when he made the deed to the complainant.

The possession, then, of the defendants must be considered as *adverse* to that of Dean, so far as to allow the Statute of Limitations to run, upon a proper case being made, and is also to be considered as *adverse*, so as to avoid the deed made by Dean in February, 1846.

Let the judgment of the Court below be affirmed.